Our next case on the docket is Xerox Corp. v. X Corp. Appeal No. 23-1913. Mr. Ryman, whenever you're ready for a second time, we're out. May it please the Court? Kyle Ryman here again for Xerox Corporation, challenging the Board's cancellation of the 475 patent over X Corp.'s prior art. We believe the Board's decision should be reversed, or at minimum vacated and remanded for three reasons. The first, the Board misconstrued proximal information. The second, the Board erred in its obviousness analysis. And third, the Board erred in properly considering Xerox's evidence of unexpected results. Are your arguments with respect to proximal information and the claim construction the same as the arguments you made in the prior appeal? Your Honor anticipated me. I only have one point to add. And this is at Appendix Site 3590 at the bottom through 3591. And this is the deposition of Dr. Turnbull, who is X Corp.'s expert. My co-counsel, Mr. Quigley, asked Dr. Turnbull, and I quote, if I were to extract text from a link, and now we only have that text itself, and not any association of that text and the link, is that text that we've extracted still proximal information? Dr. Turnbull responded, I think it would have to be associated with something. Now, there's more that comes after that, and the more is why the Board rejected that Dr. Turnbull was conceding an association between text and link. We think a fair reading of Dr. Turnbull's testimony is that he was agreeing that there must be an association between text and link. And what he was saying, not disclosed, was an association between text and part of a link. So you are pointing to extrinsic evidence in this appeal to help support up your argument that association needs to be taken into account in the proximal information definition? Yes, Your Honor, but not only extrinsic. We think the same work as Your Honor asked is similar arguments across the two appeals. This is just additional. Turning to the obviousness analysis, Your Honor, substantial evidence does not support the Board's combining Chee's proximal information with Chinn. Now, what the Board did is it combined the two references based off of a similar goals theory. Now, the problem with that is that Chee distinguishes between two types of algorithms, a prediction algorithm and an inferring algorithm. And the way it works is whenever Chee discloses inferring, there's a user path and an information need. Whenever you're inferring, you have the user path, but you are inferring the information need. Whenever you're engaging in prediction under Chee, you don't have the user path, but you have the information need. And so you are trying to predict the user path. And so Chee only discloses the use of proximal information in the prediction question, but not the inferring question. And where the two references overlap is only on the inferring question. And so for the Board to take proximal information from the prediction question under Chee and import it into the inferring part of Chinn, we think there's no evidence to support that. The Board did not address that distinction in its final written decision, and we addressed that in our patent owner's response at Appendix 540 through 541. I have a housekeeping question. Yes, Your Honor. Does this argument in any way rely on our agreeing with your proposed claim construction? No, Your Honor, because even under the Board's claim construction, what isn't the important part is the use of proximal information in the clustering. So, the second reason why the Board's obviousness analysis was erroneous, Your Honor, is because, like in the, we didn't discuss it in the Meta Appeal, but in the X-Corp Appeal, the Board was faced with prior art that generally said to cluster with everything, all available information. And the only way to identify which information would be beneficial for clustering was if there was some hint in the prior art to say we should cluster with proximal information. Now, what X-Corp used that Meta did not have is a reference called Chee 4. Chee 4 was cited in the original petition, but not as a ground for cancellation. It was cited for some other point. But in the reply brief that X-Corp filed, X-Corp used it to support the proposition that using proximal cues would be advantageous in predicting usage of a document collection of a website. That was improper. Under the Board's trial practice guides, a petitioner may not raise a new rationale to combine the prior art references in its reply brief. And whenever the Board ignored its own trial practice guide, it acted arbitrarily and capriciously. So, that is grounds enough to revert to a vacate remand, but the reference itself is waived because it was not instituted and it was not relied upon for this reason in the original petition. On to the third point on obviousness, Your Honor, third and final point on obviousness. The Board should have explained why its examiner got 103 obviousness wrong. Now, we talk about at pages 41 through 42 of our opening brief why essentially all the same prior art was before the examiner. Candidly, Chen was not in front of the examiner, but the Board found that Chen was cumulative of here. And so, as far as the meat on the bones of the obviousness analysis goes, all the same references, all the same type of prior art was... This is a deference argument? Yes, Your Honor. This is our deference argument. And so, what we would say is the examiner was closer in time. On essentially the same prior art, he found this combination not obvious. And the Board should have at least explained why it was rejecting this examiner and it did not do so in its final written decision despite its... So, you're saying there should be deference in this particular case or there should be deference generally? I sort of read you to be saying there should be deference generally, but are you arguing this is only specific to this case? The way I would craft my argument, Your Honor, is saying that where essentially all the same prior art is before the examiner, the Board must either defer to the examiner or explain why the examiner got the obviousness analysis wrong. And we also preserved that. And so, we raised the objection as well, both at institution and in the merits briefing for the final written decision. What is your best instance of support for that point that you just made? Well, again, we'll start with the Administrative Procedures Act, Your Honor, which is that agency cannot issue an arbitrary and capricious decision-making. And we cite the Legate decision out of the D.C. Circuit, which states that where an agency changes its mind without explaining itself, that's an arbitrary and capricious decision. Where the PTAB decision states its rationale without explaining why the examiner got it wrong. Yeah, I would – what I would – I understand what Your Honor is saying. But the reason why Congress passed the AIA was to have a second look at examiner's deference. Absolutely, Your Honor. Right? And so, there wouldn't be any PTABs if your position was right or right. But assuming they are, I mean, I was trying to tease out of – because I kind of had a – I'm giggling here, I saw your argument. I'm sorry. I did, because it sounds nuts. I mean, of course, the examiner's deference gets over-called when a board decision finds a patent invalid. So that's why I remember what you were saying. There's something unique about this case. And I could better appreciate your argument if it was case tied. Your Honor, I think what makes this case different is what we say about essentially all the same prior art. And where essentially all the same prior art was before the examiner as before the board. Because in a lot of IPRs, you don't have the same prior art. There's additional references. I understand that. And so, what we would say is in a case like this one, the board has to explain why the examiner got it wrong. And I understand your Honor's point, which – And then you'd have to explain to me why the board's decision wasn't a sufficient explanation. Yeah, it wasn't. Because if all you're asking for is an explanation, then one would say that a board decision is that explanation. It may be insufficient, but it is an explanation. I understood, Your Honor. As far as our final point on the ex-corp appeal, similar to the meta-appeal, Your Honor, on the secondary considerations, for the same reasons. And we would, in the ex-corp appeal, my friends on the other side, say that we forfeited – I assume you also challenged the board's ultimate conclusion here that if there was some rating of even not very heavy secondary considerations, they needed to do more than one sentence. For exactly the same reasons. We point to the Volvo case. And it's Volvo. It's either Volvo or Volvo Penta. It's the Volvo. I cited the wrong case, Your Honor, so I think I'm citing a different one. But it's Volvo. Yes, that's the case. That was handed down, I think, several months after. I think Volvo, Your Honor, was handed down between our opening brief and our reply brief, which is why we cited it. Volvo was August 24th. And that's the case I was in. Well, my sister's gone. I should have probably moved on from that. Tell her, but I'm sorry. Yes, Your Honor, I will. If you have any questions, Your Honor, we ask the court to reverse or alternatively vacate and remand. Thank you. Ms. McComas. Good morning. May it please the Court. Debbie McComas. I'm just going to jump straight in on the discussions we've been having. Let's go straight, if it's okay, I want to go straight to the secondary considerations. And I had a little bit more time to take notes back there. I would suggest to you that the Board, at least in the final written decision in our case, did a pretty painstaking job of explaining not just Am I talking loud enough for you? Not just why it felt like the secondary consideration evidence was not adequate, but also why it was not adequate in comparison to the motivation to combine evidence and the obvious misevidence. So you can find that at Appendix 83. The Board begins by reciting the weighting in Claims 6 and 15 and noting that even with respect to those, the weighting is generic and it doesn't require the precise weighting alleged in the invention proposal. You need a little more time? What do you think is the specific difference between the weighting in the Claims 6 and 15 and the weighting in the invention proposal? I don't know that I can answer that precisely. It's just simply that it's generic. So we don't really know from those dependent claims precisely what the weighting is, but it's not as precise as what we have in the invention proposal. It's more specific. That's correct. That's correct. But the Board went on, on page 84, and said On the secondary considerations, we have the same nexus question, right? Whether Claims 6 and 15 suffice? Correct, correct. And the Board expressed We have also the same, if there is some element of secondary considerations, even if light, the balancing, the ultimate balancing decision here is only one sentence, right? That's where I'm disagreeing with you, Judge Klebinger, is I think in the analysis of the secondary considerations, the Board was careful to weigh not only why it was not good evidence of secondary considerations, why it lacked a nexus, but also why the obviousness determination outweighed it. Help me again on that page, other than the final conclusion on page 90. Right, and it's going to be implicit. It's not just a, other than the conclusion In essence, the matter of this, I have, Klebinger has to find it between the lines. I think I can get you better. If you look at appendix 84, the Board goes on to say, wait a minute, wait a minute Appendix 84, right there on 84 Appendix 84, the Board talks about There's a carryover paragraph and two new paragraphs, so where are we? It is at the very top, the first carryover paragraph, in any event. So the Board has just Can you give me the accuracy? If you look at 83, is what I pointed to first, that recited weighting is generic. And that's distinguishing even though claims 6 and 15. And does not require the specific weighting technique alleged in the invention proposal, in any event. Petitioner shows that weighting different types of information differently based on the combined teachings of Chen and Chi Would have been obvious, as it would advantageously allow a user to calibrate The level of importance, given that information is clustering algorithms. So they didn't go the next step, right, and say That means that that would trump in any instance, but it's pretty close. Therefore, Pat and Anna fails to establish a nexus But they've also found that there's other evidence In the prior art, that would have left us in the same position. And then in Appendix 85 The Board challenges the weight of the invention proposal The invention proposal does not show When the Board is saying on page 83 That 6 and 15 are generic Don't actually line up with the algorithm That apparently is in the disclosure statement That's what the Board found Are you arguing that that means that 6 and 15 are just irrelevant? What I'm arguing is that the Board is finding even though I'm trying to ask you to argue both ways To say that it's very weak evidence And therefore it shows they were weighing But I couldn't tell whether you were also trying to argue That the fact that there's no alignment There's no alignment between 6 and 15 And the disclosure statement Because they're talking about two different things Correct, I think both I think the Board was doing both at the same time The Board said this isn't evidence It doesn't get you there Because it doesn't directly relate But even if it did It wouldn't be There's no nexus for that reason What about the next page? I'm sorry On page A85 I think you were getting to the There's nothing surprising By way of accuracy or otherwise On page A85 For the merits You were assuming there's a nexus Absolutely That the Board went on and said Even if it's evidence It's not strong evidence Just to be clear Is there anything else on page A85 Other than what I pointed out Which is about 5 lines From the bottom of that first full paragraph Right, that starts with the Invention proposal Does not show that using proximal information Provided anything surprising And then it takes issue with the numbers There's also a finding At appendix 79 Which is kind of the beginning of this section That says, by the way, this is not new This is about the concession About what a person of ordinary skill knew In the late 1990s Or something else Right, well it says moreover The Invention proposal states that The basic idea is that terms found However, Dr. Martin concedes right That in the late 1990s, a person of ordinary skill Would have already understood that And then it goes on On page 80 Here, 2002 shows that Using content words in general To obtain accurate clustering results Is far from surprising Intuitively, the words that the user sees During each session are good indicators Of their information need So I would submit to you That the board was relatively thorough From a final written decision Standpoint as far as trying to Actually analyze this evidence And give it weight Not just whether it met the nexus Which it found it didn't But even if it did I find reading These two board decisions Very difficult to tease out Exactly what the board is saying And what they're holding I really feel the same way But when they say on page 83 Of the decision The Invention proposal That it's not commensurate in scope And they say It's not commensurate in scope That means we don't have to look at The secondary considerations at all Right? Am I correct about that? I think that's correct So am I to read what the board said Was there is no nexus Period That is what the board Concluded but it also found It kind of hedges Right? And I agree with you It's frustrating every time I read it The problem is this The commensurate riff Triggers a presumptive Right? Nexus That can be rebutted Correct? Right If the presumptive nexus is not Triggered a patent owner Can still argue Secondary considerations If they can without the benefit of a presumption Show nexus Is that correct? So why isn't the board Why shouldn't we need the board decision For our purposes to say They found period that there was No commensurate with the scope Because of the generic Versus specific But that in terms of Reading this information proposed by The patent owner Having failed to get A presumptive nexus Connection Rather than say they don't get an actual one Isn't that how we should be Reading this? Yes, but I think To the extent if you look at the conclusory Paragraph the board was trying To cover every Possibility that This court could Analyze it under because they say Even if some weak nexus Exists, petitioner showing Of obviousness outweighs the evidence Of non-obviousness Do you contend that In addition to looking at whether there was Presumption of nexus, the board also Analyzed whether or not there was actual nexus Correct And I think the board tried to find it Every way it could There's no presumption, there's no nexus Even if there's a weak nexus It's outweighed The other case doesn't have this The decision doesn't have this argument That 6 and 15 don't count Because of the difference between generic And specific, right? That's not in that case, so we have to decide Both cases So we can't Tribute this reasoning to that other case No, but if Whether or not the presumptive nexus Is still alive based on 6 and 15 Correct, but if you find Obviousness, if you affirm The obviousness determination in this case There's no reason to also Reach the other case This case covers all the claims? Correct, this case addresses All of the claims I'll call it the meta case The meta case addresses about half of them Comparatively I want to raise one more Dog bite style argument With respect to the secondary considerations And that's the Glasgow case If you look at the Glasgow case If you look at the outcome In Glasgow Even though they found error That the board should have rated At least given some weight Although minimal weight To the impact on the dependent claims They still affirmed Because they found, as in this case The evidence was so clearly in one direction There was no sense to send it back But here, I gave you better reasons I gave you Reasons clearly in the final written Decision to support that Would you rather cite me to reach Any of the other issues? I have at least one housekeeping Question for you It's similar to the housekeeping question I asked opposing counsel before I just want to make sure I know The universe of issues we actually need to Decide versus which issues Are basically undisputed and agreed on My understanding is that all of the Limitations The parties agree are disclosed With the exception of possibly the proximal Information limitation Is that your take? And then the other issues That we would need to reach would be Secondary considerations And possibly motivation combined Is that what you would say? That's my understanding Of Xerox's position today Is that we're left with Substantial evidence review of motivation combined And then whether there were adequate Findings on the secondary considerations Which hopefully I've answered adequately For the court If there are no further questions We'd ask the court to adjourn Thank you Ms. McComas Mr. Ryman Counsel Can you start by answering the same question I just asked opposing counsel So we can get a moving of the minds On what issues need to be decided by this court Yes your honor So In the X court case So in the X court case We believe The motivation to combine Proximal information That would need to be decided The use of Chi 4 The waiver issue That would need to be decided Because it's relevant also to Motivation to combine And also reasonable expectation of success Because Chi 4 is what X court relied on To give a hint in the prior art That combining with proximal information Would be beneficial And that goes to both those issues And then finally there would be Secondary Evidence of non-obviousness your honor That would need to be decided And just one brief point on the secondary Considerations of non-obviousness Wait before you go to that So you also agree in this case That all of the limitations Are disclosed with the exception potentially Of your argument regarding proximal information Yes your honor And I have another housekeeping question Which is that do you agree with opposing counsel That This case Includes all of the claims And then some additional ones That are at issue in the other case Yes your honor The final point on The secondary considerations your honor We've been discussing the Clasco case On 6 and 15 are narrower Than the independent claims And so I think the issue with those is whether Those bring about the presumption of nexus Not so much the way Just to be clear when I look back at Clasco I didn't see where it said anything about a presumption Of nexus It wasn't dealing with a presumption Do you agree with that? No your honor With respect to those dependent claims So the way we read Clasco your honor Is finding that where The secondary evidence Goes to the dependent claims Those claims are necessarily narrower Than the independent claims And the presumption of nexus must be presumed I guess I'll just look at it But for what it's worth I didn't see anything about presumption In Clasco with respect to the discussion you're relying on Understood your honor Just the final piece On the secondary considerations your honor My friend on the other side Pointed to appendix 85 Pulling it back up So middle of the page Appendix 85 The board states The invention proposal does not show That using proximal information Provided anything surprising In the way of accuracy or otherwise Where Dr. Martin calculates A 97.1% accuracy When combining proximal scent With content in the in-link modality And then it goes On to the next page And what the board is based on Is the disclosure that Other experiments showed Accuracy as high as 99% And the reason why we say that's not an apples to apples Comparison is because what the invention Disclosure talks about is improving Accuracy while reducing data model Complexity. You can have a system That was 100% accurate That was very Very large, very weighty data wise Very complex What the inventors were trying to do was to reduce The data model complexity And the invention disclosure talks about that Is that captured in the claims? No It is not explicitly captured in the claims your honor But that's why we say What my friends point to That's not an apples to apples comparison What they were trying to do is preserve accuracy While reducing data model complexity If there are any further questions your honor We ask to report in reverse And alternatively vacate and remail Thank you Thank you We thank counsel for their arguments And the case will be submitted as is